# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAR, LLC, a Minnesota limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>MARINE GROUP BOAT WORKS, LLC, a California limited liability company; UNIVERSAL STEEL FABRICATION, INC., a California corporation,<br><br>        Defendant. | Case No. 3:14-CV-02960-BTM-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO STRIKE** |

    On February 25, 2015, Plaintiff/Counter-Defendant Bear, LLC, ("Bear") filed a Motion to Dismiss, Doc. 14, Defendant/Counter-Plaintiff, Marine Group Boat Works, LLC's ("MGBW") Counterclaim, Doc. 8. MGBW then filed an Amended Counterclaim, Doc. 18, to which Bear filed an Amended Motion to Dismiss and to Strike, Doc. 23, rendering the prior motion moot. For the reasons discussed below, Bear's Amended Motion to Dismiss and to Strike is DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND

In May of 2014, Bear's 102 foot, 260-gross ton motor vessel ("the *Polar Bear*" or "the yacht"), ran aground in San Diego Harbor. Doc. 1, Complaint ("Compl."), ¶¶ 2, 9, 10. The incident dented the bottom of the hull, damaged the port and starboard sides of the keel, and damaged the aft port stabilizer shaft. Id. at ¶ 9. Though no longer seaworthy, the damaged *Polar Bear* managed to sail to MGBW's boatyard for repairs. Id. at ¶ 10.

Before the yacht was hauled out of the water, MGBW's Project Manager, Eric Lundeen, asked the *Polar Bear*'s captain, Roger Trafton, to sign a one-page, double sided, form entitled Work Order (the "Contract"), which described the services to be performed as "Haul Out, Block & Launch," to be completed at a flat rate of $3,500, and a "lay day charge @ $2.00/per ft/per day. No charge for day of haul out and day of launch." Id. at ¶12; Doc. 1-2, at 1; Doc. 18-1, at 1. Bear maintains that Trafton signed the Contract on May 7, 2014, without seeing or discussing the terms on the reverse side, Compl., ¶¶13-14; Doc. 1-2, at 2; Doc 18-1 at 2, and that some of those terms are unenforceable. Compl., ¶¶17-18.

Bear asserts that after the yacht was lifted and the damage further surveyed, the parties orally agreed that the repairs would total $169,233.00, and that all work would be completed by MGBW. Compl., ¶24. That price

/ / /

was memorialized in writing as Change Order #1002. Doc. 18-1, at 4. The parties then mutually agreed to amend the Contract with eight additional Work Order/Change Orders (the "amendments"). Doc. 18-1. Plaintiff alleges that sometime in May or June 2014, MGBW retained Universal Steel Fabrication, Inc. ("USF"), to perform repairs on the *Polar Bear*. It is undisputed that on June 19, 2014, the *Polar Bear* was rendered a total loss by fire. Compl., ¶27; Doc. 29, at 2. The cause of the fire remains contested. While MGBW alleges that the fire's cause is unknown, Bear asserts that the yacht caught fire when USF was grinding or welding steel panels on its port side. Comp., ¶ 34; Doc. 18, at 20, ¶10.

## II.     LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to

legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

### III.     DISCUSSION

MGBW's Amended Counterclaim, Doc. 18, contains a claim of breach of contract, two common counts claiming debts owed on an open book account and an account stated in writing, and a quantum meruit claim for work, labor and services provided. Bear argues that the common counts fail because MGBW must plead on the Contract, and that the contract claim also fails because it is internally conflicting and insufficiently specific. Doc. 23-1, at 2. Bear also moves the Court to strike MGBW's allegations of the reasonable value of services provided. Id.

**A. Breach of Contract**

Count IV of MGBW's Amended Counterclaim claims that Bear

breached the May 7, 2014 Contract. To state a claim for breach of contract under California law, a plaintiff must plead four elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).

Bear argues that MGBW has failed to sufficiently plead a breach of contract because MGBW has not, and cannot, satisfy the second element. To satisfy that element, MGBW raises the impossibility of performance defense, which in maritime law includes those cases where performance might be so difficult and expensive that it may be described as "impracticable." Hellenic Lines, Ltd. v. United States, 512 F.2d 1196 (2d Cir. 1975). However, only a promisor who is faultless in causing the condition of impossibility or frustration of contractual purpose and is harmed thereby, can raise that defense. See 20th Century Lites, Inc. v. Goodman, 64 Cal.App.2d Supp. 938, 940-41 (Cal. App. Dep't Super. Ct. 1944); Rains v. Arnett, 189 Cal.App.2d 337, 347-48 (Ct. App. 1961). In this case, MGBW denies that the fire which made further contractual performance allegedly impossible or impracticable resulted from its negligence or gross negligence. Doc 18, ¶27-28; Doc. 29, at 5.

However, the Court need not reach the issue of impossibility of performance at the pleading stage. Even where full contractual performance

remains technically possible, some California courts have applied the equitable doctrine of commercial frustration of contract if the principal reason the parties entered into the agreement has been frustrated. See <u>Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga</u>, 175 Cal.App.4th 1306, 1336 (2009). Under this doctrine, a "promisor seeking to excuse himself from performance of his obligations [must] prove that the risk of the frustrating event was not reasonably foreseeable and that the value of counter performance is totally or nearly totally destroyed." <u>Waegemann v. Montgomery Ward & Co.</u>, 713 F.2d 452, 454 (9th Cir. 1983) (citing <u>Lloyd v. Murphy</u>, 25 Cal.2d 48, 53, 54 (1944)). Application of the doctrine "has been limited to cases of extreme hardship . . ." <u>Lloyd</u>, 25 Cal.2d at 54.

      To determine whether frustration of contractual purpose applies, the Court must first construe that purpose by ascertaining and giving effect to the parties' intentions at the time of agreement. See Cal. Civil Code § 1636; <u>Hay v. Allen</u>, 112 Cal.App.2d 676, 681 (1972). That intent must be derived from the contract's plain language. See <u>Hensler v. City of Los Angeles</u>, 124 Cal. App. 2d 71, 77-78 (1954). Here, the parties' intent is evident from the Contact's Statement of Work, according to which MGBW promised to "furnish materials, parts, supplies and labor to perform the work described in the Order." Doc. 1-2, at 2, ¶1. The work is described as "Haul Out, Block & Launch," and the amendments added installation of parts and related

services that became necessary in the course of performance. The Statement of Work makes clear that the contractual intent was to repair the damage that the *Polar Bear* had sustained when it ran aground in San Diego Harbor, and not to rebuild the yacht in case of total damage from fire. By contrast, Bear's argument that the *Polar Bear*'s complete destruction did not excuse MGBW's continuing performance implies that full performance requires MGBW to rebuild the yacht. But this was not the intent of the parties. See Reality & Rebuilding Co. v. Rea, 184 Cal. 565, 576 (1920) ("repair means to mend an old thing, not to make a new thing; ... not to create something which has no existence."). Moreover, since the originally agreed-on repairs can no longer make the ship seaworthy in light of its total destruction, the Court finds that the parties' contractual intent was destroyed by the June 19, 2014 fire.

Next is the question of foreseeability, which was directly addressed in Lloyd, 25 Cal.2d at 54:

> The purpose of a contract is to place the risks of performance upon the promisor, and the relation of the parties, terms of the contract, and circumstances surrounding its formation must be examined to determine whether it can be fairly inferred that the risk of the event that has supervened to cause the alleged frustration was not reasonably foreseeable. If it was foreseeable there should have been provision for it in the contract, and the absence of such a provision gives rise to the inference that the risk was assumed.

Having examined the Contract's provision captioned "Owner's Assumption of Risk," the Court finds that its terms foresee and shift the risk of negligence committed by MGBW or a third party to Bear. Doc. 18-1, at 3, ¶8(a)-(b). Bear disputes the enforceability of this provision based on facts pled in the Complaint. Compl., ¶15-16. However, resolving this dispute is not appropriate in deciding Bear's motion to dismiss and to strike.

Finally, MGBW has sufficiently alleged that the value of the Contract has been destroyed. As stated above, there is no benefit in making the agreed-on repairs to a vessel destroyed by fire because the repairs would not achieve the parties' contractual intent of making the *Polar Bear* seaworthy. Therefore, MGBW has sufficiently alleged that it is legally excused from further performance on the Contract.

Bear also argues that MGBW's Amended Counterclaim does not state a contract claim based on substantial performance. Doc. 23-1, at 8. Bear may be correct if MGBW did not substantially perform the Contract before the *Polar Bear* was destroyed. See Thomas Haverty Co. v. Jones, 185 Cal. 285, 290-91 (1921) (substantial performance requires a contractor to complete the work to a degree where it could still reasonably serve its intended purpose). However, since MGBW's claim is based on excuse from performance, not substantial performance, MGBW's contract claim remains

sufficiently pled. Furthermore, MGBW has, at a minimum, stated a contract claim for hauling out, blocking and storing the vessel.

The Court only holds that MGBW has pled a breach of contract claim. Whether MGBW can actually recover on that claim is not before the Court on the present motion. Therefore, Bear's motion to dismiss Count IV is DENIED.

**B. Common Counts**

Counts I and II of the Amended Counterclaim plead indebtedness in common counts. The parties agree that since maritime law is limited on the subject, California law applies to the common counts. Doc. 23-1, at 2. Under California law, "[a] common count is not a specific cause of action ...; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness[.]" McBride v. Boughton, 123 Cal.App.4th 379, 394 (2004); see also Zumbrun v. University of Southern California, 25 Cal.App.3d 1, 14–15 (1972). The elements of a common count are: (1) the statement of indebtedness in a certain sum, (2) consideration, and (3) nonpayment. See Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 460 (1997).

For an express contract that is no longer executory, a common count is appropriate when the only remaining obligation is the payment of money by the defendant. See Ferro v. Citizens Nat. Trust & Sav. Bank, 44 Cal.2d

401, 409 (1955); McBride, 123 Cal.App.4th at 394-95. MGBW's common counts incorporate its breach of contract cause action in alleging that MGBW has performed its contractual obligations and is excused from further performance. Doc. 18, at 20, ¶¶10. MGBW claims that despite demands for payment, Bear has failed to remit the sum due of $52,500.00 for lay day charges and $136,300.36 for work, labor, and services provided in repairing the *Polar Bear* prior to the fire. Id. at 20-21, ¶¶12-13.

Consistent with the holding as to Count IV, the Court agrees that the Contract is no longer executory because the vessel has been destroyed. However, MGBW's strategy of pleading the common counts as an additional theory of recovery is not pleading in the alternative under F.R.C.P 8(d). See Doc. 29, 3. MGBW's common counts are based on the same facts as its breach of contract claim, seek the exact same damages, and are not inconsistent with the breach claim. See Doc. 18, pp. 19-20, ¶¶4-13. The common counts are simply derived from the contract claim. See Sutherland v. Francis, 2014 WL 879697, at *5 (N.D. Cal. Mar. 3, 2014).

Since MGBW has the ability to recover for breach of contract, there is no need for the additional common counts causes of action because if the Contract is not found to be enforceable, as alleged in Bear's Complaint, there is no other basis on which Bear owes money to MGWB on a book account. See Smith v. Simmons, 2008 WL 744709, at *13 (E.D. Cal. Mar.

18, 2008). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts," it does not survive if the underlying claim does not survive. McBride, 123 Cal.App.4th at 394; see also Mitchell v. Nat'l Auto. & Cas. Ins. Co., 38 Cal.App.3d 599, 606 (1974) ("It is settled that when a common count is based upon the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer.").

Therefore, Bear's motion to dismiss Counts I and II is GRANTED.

### C. Work, Labor and Services in Quantum Meruit

Count III of MGBW's Amended Counterclaim seeks recovery in quantum meruit for work, labor, and services rendered at Bear's request and completed prior to the fire, and incorporates the facts supporting Counts I, II and IV. Doc. 18, at ¶17-22. "A quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice.... However, it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal.App.4th 1410, 1419 (1996). "The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'"

Peterson v. Cellco P'ship, 164 Cal.App.4th 1583, 1594 (2008); Kirkeby v. JP Morgan Chase Bank, N.A., 2014 WL 4364836, at *7 (S.D. Cal. Sept. 3, 2014).

Bear argues that recovery for contractual breach and unjust enrichment are mutually exclusive. See Klein v. Chevron U.S.A., Inc., 202 Cal.App.4th 1342, 1389 (2012) (affirming dismissal of a plaintiff's unjust enrichment cause of action because it stated a valid breach of contract claim on the same subject matter). The decision in Klein dismissing alternative theories of recovery turned on the plaintiff's failure to plead that the contract underlying its breach of contract claim might be invalid, thus requiring quantum meruit as an alternative means of recovery. Id. By contrast, MGBW states that Bear's Complaint contests the validity of at least some of the Contract's terms, including the amendments pursuant to which MGBW performed its work, labor and services prior to the fire. Doc. 29, at 3.

Whether MGBW can succeed on its claim for unjust enrichment depends in part on whether Bear accepted or received the benefit of any work, labor or services that MGBW may have performed on the *Polar Bear*. See Spurgeon v. Buchter, 192 Cal.App.2d 198, 206-07 (1961); Petters Co. v. BLS Sales Inc., 2005 WL 2072109 (N.D. Cal. Aug. 26, 2005). Here, there may have been a benefit if the yacht's value was arguably increased by any repairs that can be proven to have been performed prior to the fire. This is

1 enough at this stage. Therefore, MGBW has sufficiently pled an alternative
2 quantum meruit claim. Bear may readdress the issue after sufficient
3 discovery on a motion for summary judgment. The motion to dismiss Count
4
5 III is DENIED.
6     **D. Motion to Strike**
7
8     Bear asks the Court to strike from paragraphs 13, 16, 19, 22, and 27 of
9 the Amended Counterclaim, allegations regarding the reasonable value of
10 services MGBW provided Bear prior to the fire. Doc. 23-1, at 8-9. Under
11 Fed. R. Civ. P. 12(f), a court may strike "any redundant, immaterial,
12
13 impertinent, or scandalous matter." Since Counts III and IV survive at this
14 time, the allegations of reasonable value of services provided may be
15 relevant to proving restitution damages. See Pay Less Drug Stores v.
16
17 Bechdolt, 92 Cal.App.3d 496, 501 (Ct. App. 1979) (awarding purchase price
18 as restitution remedy for breach and quoting Restatement (First) of
19 Contracts § 347 cmt b (1932)); Restatement (Second) of Contracts § 377
20
21 (discussing restitution in cases of impracticability and frustration). Therefore,
22 these allegations are not redundant or immaterial, nor are they impertinent.
23 For these reasons, Bear's motion to strike is DENIED.
24
25     / / /
26     / / /
27     / / /
28

## IV. CONCLUSION

For the reasons discussed above, Bear's Motion to Dismiss Amended Counterclaim and to Strike, Doc. 23, is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to Counts I and II. The Motion is **DENIED** as to Counts III and IV. The Motion to Strike is **DENIED**. Counts I and II are DISMISSED from MGBW's Amended Counterclaim. Additionally, Bear's Motion to Dismiss, Doc. 14, is **DENIED** as moot. Bear shall file an answer to the Amended Counterclaim within 14 days of the entry of this Order. Counsel for the parties are further **ORDERED** to appear before this Court on July 29, 2015, at 3:00 p.m. for a status conference and to set a trial date. If counsel wish to appear telephonically, they must coordinate a conference call.

**IT IS SO ORDERED.**

Dated: July 14, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court