UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAR, LLC, a Minnesota limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>MARINE GROUP BOAT WORKS, LLC, a California limited liability company; UNIVERSAL STEEL FABRICATION, INC., a California corporation,<br><br>        Defendants. | Case No.:  14cv2960 BTM(BLM)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

  Plaintiff Bear, LLC, has filed a motion to file a First Amended Complaint.  For the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I. FACTUAL BACKGROUND

  This case arises out of fire damage to the motor yacht M/V POLAR BEAR ("POLAR BEAR"), owned by Plaintiff Bear, LLC ("Plaintiff" or "Bear").  The vessel caught on fire when it was undergoing repairs at Defendant Marine Group Boat Works, LLC's ("Defendant" or "Marine Group") boat yard in Chula Vista.

1    Plaintiff filed suit on December 16, 2014.  Plaintiff contends that the fire was
2 caused by hot work repairs that were being performed on the vessel's steel hull.
3 Plaintiff alleges that Defendant failed to take adequate safety precautions and
4 breached the contract by retaining a third party to perform the hot work repairs.
5 The original complaint asserts the following causes of action:  (1) breach of
6 contract; (2) negligence; (3) gross negligence; (4) breach of the implied warranty
7 of workmanlike performance; and (5) bailment.
8    In a Case Management Conference Order [Doc. 28] filed on April 27, 2015,
9 Magistrate Judge Major ordered that any motion to amend the pleadings be filed
10 on or before September 30, 2015.  Judge Major also ordered that any fact
11 discovery be completed by the parties on or before February 26, 2016, and that all
12 expert discovery be completed on or before June 17, 2016.
13    On May 19, 2016, Plaintiff filed the instant motion.
14
15    **II.  DISCUSSION**
16    Plaintiff seeks leave to file a First Amended Complaint ("FAC") that adds
17 additional facts supporting its negligence and gross negligence claims and adds a
18 new cause of action for promissory fraud.  As discussed below, the Court finds that
19 there is good cause for modifying the scheduling order and that the amendment of
20 the complaint is appropriate under Fed. R. Civ. P. 15(a).
21    A motion for leave to amend that is filed after the cut-off date for amendment
22 set forth in a scheduling order, is governed by Rule 16(b).  Johnson v. Mammoth
23 Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).  The scheduling order can
24 be modified for "good cause."  Fed. R. Civ. P. 16(b)(4).  Under Rule 16(b), the
25 "good cause" standard "primarily considers the diligence of the party seeking the
26 extension."  Johnson, 975 F.2d at 609.  "Carelessness is not compatible with a
27 finding of diligence and offers no reason for a grant of relief."  Id.  Although
28 prejudice to the opposing party may provide additional reasons to deny the motion,

the focus of the inquiry is upon the moving party's reasons for seeking the modification; if the moving party was not diligent, the inquiry should end. Id.

If good cause is shown for modifying the scheduling order, the Court must then consider whether amendment is appropriate under the more liberal standard of Rule 15(a). Although the policy of allowing amendment under Rule 15(a) "is to be applied with extreme liberality," a court may deny amendment if there is bad faith, undue delay, prejudice to the opposing party, and/or the amendment would be futile. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

The Court finds that there is "good cause" for modifying the scheduling order. Plaintiff seeks to amend the complaint based on facts that it discovered *after* the motion cut-off date. Plaintiff learned new details about the circumstances surrounding the fire, including facts indicating that Universal Steel Fabrication, Inc. ("USF") employees inadvertently set fire to insulation while welding and that Defendant failed to obtain a necessary Marine Chemist Certificate before doing the hot repair work, from depositions of (1) Chula Vista fire investigator Margarita Greene on February 18, 2016; (2) marine chemist Leland Pitt on February 22, 2016; and (3) Marine Group's Health and Safety Compliance employee Francisco Garay-s on February 26, 2016. (Exs. E, F to Wright Decl., Ex. B to Supp. Wright Decl.)

Plaintiff also learned new facts in support of its promissory fraud claim from depositions of Ryan McAloney, Marine Group's welding project manager, on February 17, 2016, and Eric Lundeen, Marine Group production manager, on January 20, 2016. McAloney testified that at the time he was asked to provide an estimate for the Marine Group to repair the steel plating on the POLAR BEAR, the Marine Group already knew that it was too busy to do the work itself and would have to use a subcontractor. (Wright Decl. ¶ 32.) Lundeen testified that at the direction of Todd Roberts, President of the Marine Group, he misrepresented the

bid from subcontractor USF as $110,000 (allegedly, the actual bid was $21,300), and included a bid estimate of $140,000 if Marine Group did the work itself. (Id. at ¶ 29.) On May 14, 2014, the Captain of the POLAR BEAR, Roger Trafton, told Lundeen that Bear wanted the Marine Group, not a subcontractor, to perform the steel replacement work on the POLAR BEAR. (Id. at ¶ 30.) Lundeen agreed. (Id. at ¶ 31.)

With respect to the promissory fraud claim, Defendant protests that it produced documents in July 2015, including a purchase order showing that Magana Yachts had been subcontracted for interior protection and foam removal, and a May 14, 2014 quote from Universal Steel, stating that the price to remove and replace damage plating on the POLAR BEAR was $21,300. But, as argued by Plaintiff, these documents by themselves and without context do not support a promissory fraud claim.

Defendant also contends that Plaintiff failed to exercise due diligence with respect to the claim that a Marine Chemist Certificate was necessary. Defendant states that documents identifying Leland Pitt were produced in July 2015, and argues that there was no reason to wait until February 2016 to depose him. In addition, Defendant points to deposition testimony of Plaintiff's retained expert Bezzant Reed that he first formed the opinion that a marine chemist was needed for the welding work before he read Mr. Pitt's deposition transcript.

Plaintiff explains that the relevance of Mr. Pitt's produced certificate was unknown at the time, and Plaintiff had no idea that Mr. Pitt had any knowledge about the cause or origin of the fire because Defendant never identified Mr. Pitt as a percipient witness regarding the dangerous condition of the welding area on the day of the fire. Mr. Pitt's deposition was conducted before the discovery cut-off, and there is no factual basis for the Court to conclude that Plaintiff was dragging its feet. Furthermore, Plaintiff's counsel believed it was necessary to know whether Defendant recognized the need for a Marine Chemist Certificate and had done

1  anything about it. (Supp. Wright Decl. ¶ 10.) Therefore, Plaintiff's counsel decided
2  to depose Mr. Gary-s. (Id.)

3  Defendant argues that even if the proposed amendment is based on newly
4  discovered facts, Plaintiff has not been diligent because Plaintiff waited for three
5  months to file this motion. The Court disagrees. The discovery cut-off was
6  February 26, 2016 (Mr. Garay-s was deposed on this day). On May 9, 2016,
7  Plaintiff provided a copy of the FAC to Marine Group's counsel and asked whether
8  Marine Group would stipulate to the filing of the FAC. (Wright Decl. ¶ 9.) Marine
9  Group did not respond to the email, prompting the filing of this motion. It took
10 Plaintiff just over two months after discovery was completed to draft the FAC and
11 seek Defendant's agreement to file it. During that two-month period, Plaintiff's
12 counsel was busy working on expert reports and other tasks in this case and the
13 related case, Certain Interested Underwriters at Lloyd's, London v. Bear LLC,
14 15cv00630 BTM(BLM). (Supp. Wright Decl. ¶¶ 13-16.)

15 The Court concludes that Plaintiff's discovery of new facts after the deadline
16 for filing a motion to amend justifies modification of the scheduling order. The
17 Court finds that Plaintiff's counsel acted diligently in seeking the modification, and
18 that, therefore, good cause exists for extending the deadline.

19 The Court must now determine whether the proposed amendment satisfies
20 the requirements of Rule 15(a). Defendant argues that it would be substantially
21 prejudiced by the amendment because (1) granting the motion would require re-
22 opening discovery, causing considerable expense; (2) expert reports have already
23 been submitted and the amendment would impact expert discovery; and (3) the
24 cut-off date for a motion for summary judgment is July 22, 2016, meaning that
25 Defendant would not have sufficient time to file a new summary judgment motion
26 challenging the new allegations/claim.

27 The new promissory fraud claim and allegations regarding Defendant's
28 alleged negligence are closely related to the claims and factual allegations in the

original complaint. The Court is not convinced that the amendment of the complaint will necessitate extensive additional discovery as broadly claimed by Defendant. Moreover, in the absence of undue delay, the need for additional discovery and postponement of trial do not constitute prejudice to the defendant. See <u>Genentech, Inc. v Abbott Lab.</u>, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (holding that defendant was not unduly prejudiced by need to re-depose numerous witnesses and engage in additional document searches and written discovery). If Defendant needs additional time to file a new motion for summary judgment, Defendant may seek such relief from the Magistrate Judge.

Accordingly, the Court finds that Defendant has not established that it would be prejudiced by the amendment. The Court has already found the absence of undue delay, and there is no evidence of bad faith or futility. Therefore, the Court will allow Plaintiff to file the FAC.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff shall electronically file the FAC within 10 days of the entry of this Order.

If Defendant believes that the filing of the FAC necessitates additional discovery or the extension of certain deadlines, Defendant should raise these matters with Magistrate Judge Major.

**IT IS SO ORDERED.**

Dated: July 11, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court