**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BEAR, LLC, a Minnesota limited
liability company,

               Plaintiff,

               v.

MARINE GROUP BOAT WORKS,
LLC, a California limited liability
company; UNIVERSAL STEEL
FABRICATION, INC., a California
corporation,

               Defendants.

AND RELATED COUNTERCLAIMS

Case No.    14-cv-2960-BTM-BLM

**IN ADMIRALTY**

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ENTRY OF
DEFAULT JUDGMENT [ECF No.
149.]**

Pending before the Court is Plaintiff Bear, LLC's Motion for Entry of Default Judgment against Defendant Universal Steel Fabrication, Inc. ("USF"). (Pl.'s Mot. for Default J., ECF No. 149.)  For the reasons discussed below, Bear's motion is **GRANTED**.

## I. FACTUAL BACKGROUND

On May 6, 2014, while on its way to San Diego, Bear's 102-foot yacht, the *Polar Bear*, struck the submerged Zuniga jetty at the entrance to the San Diego Harbor, damaging the bottom of the hull and causing water to leak in. (First Amended Complaint ("FAC"), ECF No. 65, ¶ 9.)  The *Polar Bear* arrived at Defendant Marine

Group Boat Works, LLC ("MGBW") on May 7, 2014 for repairs.  (Id. at ¶ 12.)  After the vessel was hauled out it was determined that the bottom of the hull, port and starboard of the keel had been substantially deformed from running aground.  (Id. at ¶ 21.)  The repairs would include both grinding and welding the hull.  (Id.)

On May 29, 2014, MGBW retained USF to perform the repairs, including welding the steel pieces into place on the *Polar Bear*.  (Id. at ¶ 26.)  USF failed to take adequate safety precautions given the risk of a fire arising from the type of work being performed.  (Id. at ¶¶ 31–34.)  On June 19, 2014, while employees of USF were grinding and cutting with a welding torch on the port side of the *Polar Bear*, the vessel caught fire resulting in a total loss.  (Id. at ¶ 35.)  Bear sustained a loss of $14,313,256, the *Polar Bear*'s fair market value at the time of the fire.  (Id. at ¶ 36.)

## II. PROCEDURAL BACKGROUND

Plaintiff initiated this action on December 16, 2014 against MGBW and USF.  (ECF No. 1.)  USF was served on December 29, 2014, in accordance with Federal Rule of Civil Procedure 4(h).  (ECF No. 5.)  On May 23, 2017, the Clerk entered default against USF.  (ECF No. 140.)  On June 20, 2017, Plaintiff filed the motion at issue, seeking a default judgment against USF.

## III. JURISDICTION

When considering whether to enter a default judgment a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  *In Re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Plaintiff brought this action under federal maritime law, permitting the Court to exercise subject matter jurisdiction over this case.  The Court relies on the pleadings to find that it has personal jurisdiction over USF.  *See BNSD Ry. Tyrrell*, __ U.S. __, 137 S.Ct. 1549, 1558 (2017) ("[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the

State are so 'continuous and systematic' as to render them essentially at home.")
(internal citations omitted).

### IV. STANDARD

**A. Default Judgment**

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b) and is left to the trial court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). After default has been entered, the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, shall be taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). In determining damages, the court can rely on evidence submitted by the plaintiff or may conduct a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). A judgment by default shall not award damages that are different from or exceed the amount requested in the plaintiff's complaint. Fed. R. Civ. P. 54(c).

Factors which may be considered by courts in exercising their discretion as to whether to enter default judgment include: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

**1. Eitel Factors**

The *Eitel* factors weigh in favor of granting default judgment. USF was properly served but has failed to respond to the FAC. Without entry of judgment against USF, Plaintiff will not be able to recover from it. There is no evidence that the default was due to excusable neglect since USF's president and owner, Claudio Rivas, was deposed in late December 2015, putting USF on notice of this action. The damages Bear seeks are reasonable given that USF's negligence resulted in the *Polar Bear*'s total loss.

Therefore, whether default judgment is appropriate turns on the merits and sufficiency of Plaintiff's claims.

### 2. Sufficiency and Merits of Claims

"Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party . . . ." *Danning v.* Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). The second and third *Eitel* factors require a court to assess the substantive merits of a plaintiff's claims and the sufficiency of its pleadings. *Eitel*, 782 F.2d at 1472. The Ninth Circuit has suggested that these factors require a plaintiff's allegations to "state a claim on which the [plaintiff] may recover." *Danning*, 572 F.2d at 1388.

To state claim for negligence, a plaintiff must demonstrate: (1) the existence of a legal duty to use due care; (2) a breach of such legal duty; (3) causation; and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001). A defendant's duty of care is a prerequisite to any claim for negligence. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). "Absent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. V. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 482 (1996). Unlike the factual issues of breach and causation, whether a defendant owes a plaintiff a duty of care is a question of law for a court to decide. *Cabral v. Ralphs Grocery Co.*, 51 Cal.4th 764, 771 (2011). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal. App. 4th 1011, 1016–17 (1997).

Plaintiff alleges that a duty of care arose from the performance of hot work that required Defendants, including USF, to take adequate safety precautions. (FAC ¶ 31.) It is alleged that on June 19, 2014, USF employees failed to take adequate safety precautions while grinding and cutting with a welding torch on the port side of the *Polar Bear*. (Id. at ¶¶ 32–35.) The grinding and cutting caused a fired which engulfed the *Polar Bear* and rendered it a total loss. (Id. at ¶ 35.) These allegations are

sufficient to state a negligence claims  Thus, the Court finds that default judgment should be granted.

### 3. Damages

Default judgment may be entered "without a hearing on damages when the amount it capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Casten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Here, Bear requests that the Court award it $5,113,256, the difference between the market value of the *Polar Bear* on June 19, 2014, $14,313,256, and the amount it was able to recover in settlement from MGBW, $9.2 million.  *See* (Decl. of Robert C. Wright in Supp. of Pl.'s Mot. for Default J. ("Wright Decl."), ¶ 11; Decl. of H.M. Pliske in Supp. of Pl.'s Mot. for Default J. ("Pliske Decl."), ¶ 14.)  Accordingly, the Court finds that Bear is entitled to an award of $5,113,256.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for default judgment is **GRANTED**.  The Court awards Plaintiff $5,113,256 in damages.  The Clerk shall enter judgment in favor of Plaintiff and against Defendant USF in the amount of $5,113,256.

**IT IS SO ORDERED.**

Dated: December 11, 2017
_____

_____
Barry Ted Moskowitz, Chief Judge
United States District Court